IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS OROZCO-ISLAS, | ) | CASE NO.  5:20-cv-510 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) | |
| | ) | |
| WARDEN HAROLD MAY, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Respondent. | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the

Petition of Carlos Orozco-Islas ("Orozco-Islas" or "Petitioner"), for a Writ of Habeas Corpus filed

pursuant to 28 U.S.C. § 2254 (Doc. No. 1), the Answer/Return of Writ (Doc. No. 6) and Orozco-Islas'

Traverse (Doc. No. 8).  Orozco-Islas is in the custody at the Richland Correctional Institution pursuant to

journal entry of sentence in the case of *State v. Orozco-Islas*, Stark County Court of Common Pleas Case

No. 2018CR0598.  For the following reasons, the undersigned recommends that the Petition be

DISMISSED in part and DENIED in part.

## I. Procedural Background

### A. Trial Court Proceedings

On May 30, 2018, a Stark County Grand Jury indicted Orozco-Islas on two counts of Possession

of Cocaine, R.C. 2925.11(A)(C)(4)(f), with major drug offender specifications (counts 1-2); two counts

of Trafficking in Cocaine, R.C. 2925.03(A)(2)(C)(4)(g), with major drug offender specifications (counts

3-4); one count of Possession of Heroin, R.C. 2925.11(A)(C)(6)(e) (count 5); and one count of

Trafficking in Heroin, R.C. 2925.03(A)(2)(C)(6)(f) (count 6).  Doc. No. 6-1, pp. 6-9 (Exhibit 1).  Orozco-

Islas, through counsel, pleaded not guilty.  Doc. No. 6-1, p. 190 (Exhibit 2).

1

On August 7, 2018, Orozco-Islas, through counsel, filed a motion to suppress all evidence and statements that were obtained through a traffic stop of his vehicle.  Doc. No. 6-1, p. 13 (Exhibit 3).

On August 24, 2018, Orozco-Islas withdrew his not guilty plea and, pursuant to a plea agreement, pleaded guilty to amended counts (the major drug offender specifications were removed).  Doc. No. 6-1, p. 190; pp. 26-32 (Exhibit 6); pp. 34-39 (Exhibit 7); p. 41 (Exhibit 8).  At sentencing, the court asked Orozco-Islas if he understood that the plea agreement indicated that the parties had agreed to an aggregate sentence of 9 years, and Orozco-Islas stated that he understood.  Doc. No. 6-2, p. 10 (transcript).  The court sentenced Orozco-Islas to 9 years in prison on each count, to be served concurrent to each other, for a total of 9 years in prison.  Doc. No. 6-1, pp. 22-24 (Exhibit 5); Doc. No. 6-2, p. 14.

Orozco-Islas did not appeal.

## B. Petition for Post-Conviction Relief

On April 1, 2019, Orozco-Islas, *pro se*, filed a Petition for Post-Conviction Relief to vacate or set aside his judgment of conviction or sentence in the trial court.  Doc. No. 6-1, p. 43 (Exhibit 9).  He raised the following claims:

1. Trial counsel rendered ineffective [sic] under the 5th, 6th, and 14th Amendments to the United States Constitution, as well as Art. I §10 of the Ohio Constitution when allowing the petitioner to enter into plea negotiations without ever being advised of the maximum penalty of the sentences.

2. Trial counsel rendered ineffective [sic] under the 5th, 6th, and 14th Amendments to the United States Constitution, as well as Art. I §10 of the Ohio Constitution when failing to object to the trial court's failure to notify the petitioner of certain rights afforded to him under Crim. Rule 32, rendering the sentence less than being a final, appealable order.

Doc. No. 6-1, pp. 45, 50.  On April 26, 2019, the trial court denied Orozco-Islas' petition.  Doc. No. 6-1, p. 106 (Exhibit 11).

On April 30, 2019, Orozco-Islas filed a motion for an extension of time to respond to the state's reply to his post-conviction petition, which the court denied on May 1, 2019.  Doc. No. 6-1, p. 109 (Exhibit 12); Doc. No. 6-1, p. 113 (Exhibit 13).

On June 25, 2019, Orozco-Islas, *pro se*, filed a motion for leave to amend his petition to add a claim that counsel was ineffective for failing to inform him that he could be deported as a result of entering his guilty plea.  Doc. No. 6-1, pp. 115-118 (Exhibit 14).  It does not appear that the trial court ruled on this motion.

## C. Delayed Direct Appeal

On August 15, 2019, Orozco-Islas, *pro se*, filed a notice of appeal of the trial court's judgment entry from August 24, 2018 with the Ohio Court of Appeals, Fifth District.  Doc. No. 6-1, p. 120 (Exhibit 15).  He also filed a motion to appoint counsel, Doc. No. 6-1, p. 122 (Exhibit 16), and a motion for leave to file a delayed appeal pursuant to App. Rule 5(A), Doc. No. 6-1, p. 125 (Exhibit 17).  The state opposed his motion for delayed appeal, Doc. No. 6-1, p. 129 (Exhibit 18) and Orozco-Islas filed a reply, Doc. No. 6-1, p. 132 (Exhibit 19).  As reasons for his failure to file an appeal on time, Orozco-Islas stated that trial counsel withdrew from his case "immediately after sentencing," he is not fluent in English, and that, upon arriving at the prison, he sought legal advice from an inmate, who had instructed him to obtain his plea agreement and sentencing transcripts.  While he waited for those items to arrive, the time within which to file an appeal expired, and the inmate then advised him to file a post-conviction petition.  Doc. No. 6-1, p. 126.

On September 5, 2019, the Ohio Court of Appeals observed that Orozco-Islas had not filed a time-stamped copy of the judgment he was appealing and ordered him to file a "fully completed Docketing Statement" pursuant to Local App. R. 6(A) on or by October 11, 2019.  Doc. No. 6-1, p. 135 (Exhibit 20).  On September 19, 2019, Orozco-Islas filed a request to the clerk of courts in the court of common pleas to submit a copy of his pre-sentence investigation report, Doc. No. 6-1, p. 137 (Exhibit 21), and a complete docketing statement along with the judgment entry being appealed.  Doc. No. 6-1, pp. 140-149 (Exhibit 22).

On September 30, 2019, the Ohio Court of Appeals denied Orozco-Islas' motion for delayed appeal, finding that he had not established sufficient reasons justifying the delay.  Doc. No. 6-1, p. 151 (Exhibit 23).

On November 7, 2019, Orozco-Islas, *pro se*, filed a notice of appeal with the Ohio Supreme Court.  Doc. No. 6-1, p. 14 (Exhibit 24).  In his memorandum in support of jurisdiction, he raised the following propositions of law:

> I. The Ohio Fifth District Court of Appeals abused its discretion in denying Appellant's App.R.5(A) Motion for leave to File Delayed Appeal, when Appellant asserted truthful and honest reasons for failing to perfect an appeal of right.
>
> II. The trial court committed plain error in imposing prison sentence for four cocaine-related offenses because Counts One and Three, Counts Two and Four, were allied offenses of similar import under R.C.294l.25(A), which should have been merged for the purposes of sentencing.
>
> III. Trial counsel was ineffective for failing to argue that the convictions for Counts One and Three, Two and Four, were allied offenses of similar import and should have merge for purposes of sentencing.

Doc. No. 6-1, p. 158 (Exhibit 25).  The state filed a response, Doc. No. 6-1, p. 171 (Exhibit 26), and Orozco-Islas moved for leave to reply, Doc. No. 6-1, p. 180 (Exhibit 27), but the Ohio Supreme Court struck his motion as prohibited by S.Ct.Prac.R. 7.04(C).  Doc. No. 6-1, p. 184 (Exhibit 28).  On January 21, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).  Doc. No. 6-1, p. 186 (Exhibit 29).

**D. Federal Habeas Proceedings**

On January 29, 2020, Orozco-Islas, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Doc. No. 1, p. 15.  He raised the following grounds for relief:

> **GROUND ONE:** The trial court committed plain error in imposing prison sentences on allied offenses of similar import in violation of the double jeopardy clause of the 5th Amend. to the U.S. Constitution.
>
> **Supporting Facts**: The trial court committed plain error in imposing prison sentence for four cocaine-related offenses because Counts One and 3, Counts 2 and 4, were allied offenses of

4

similar import under R.C. 2941.25(A) which should have merged for sentencing in violation of the double jeopardy clause of the 5th Amend. to the U.S. Const.

**GROUND TWO:** The Ohio Court of Appeals abused its discretion in denying Appellant's App.R.5(A) motion for leave to file delayed appeal.

> **Supporting Facts**: Ohio grants both a constitutional and a statutory right to appeal to criminal defendant. In his delayed appeal, Appellant asserted truthful and honest reasons such as he is not fluent in English and relied on the advice of other inmates.

**GROUND THREE:** Trial counsel was ineffective in violation of his 6th Amendment right under the U.S. Const.

> **Supporting Facts**: Petitioner asserts that a reasonable attorney would have raised an allied offense objection at the sentencing hearing arguing that Counts 1 and 3, Counts 2 and 4, were allied offenses of similar import and should merge for purposes of sentencing.

**GROUND FOUR:** The Supreme Court of Ohio violated Petitioner's double jeopardy rights under the 5th Amend. to the U.S. Const.

> **Supporting Facts**: Appellant asserts that the Supreme Court of Ohio refused to correct the double jeopardy claim under the 5th Amend. to the U.S. Const., violating Petitioner's protection against the imposition of multiple criminal punishments for the same offenses: Counts 1 and 3, Counts 2 and 4.

Doc. No. 1, pp. 5-10.  Respondent filed an Answer (Doc. No. 6) and Orozco-Islas filed a Traverse (Doc. No. 8).

## II. Legal Standard

### A. Exhaustion and Procedural Default

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr*., 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust

applies when state remedies are "still available at the time of the federal petition." *Id*. (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id*.

**Exhaustion**. A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b),(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g., Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural default**. Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id*. *In Maupin v. Smith*, the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural

6

rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error.  785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"  *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*.  While the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.  *Coleman*, 501 U.S. at 750.

## B. Merits Review

In order to obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause);

7

or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause).  28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant a writ if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principles and standards flowing from Supreme Court precedent.  *Id*. at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005).  If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law.  *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *White v. Woodall*, 572 U.S. 415, 426 (2014) ("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error.") (emphasis in original).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard.  *Williams*, 529 U.S. at 409.  "A state court's determination that a

8

claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

### III. Analysis

**A. Ground One is procedurally defaulted**

In Ground One, Orozco-Islas argues that the trial court committed plain error when it sentenced him on four cocaine-related offenses that included allied offences of similar import in violation of the Double Jeopardy Clause of the 5th Amendment to the U.S. Constitution. Doc. No. 1, p. 5. Respondent argues that Ground One is procedurally defaulted because Orozco-Islas did not fairly present this claim to the Ohio state courts. Doc. No. 6, p. 12.

Ground One is procedurally defaulted. The only time Orozco-Islas raised the issue in Ground One was when he appealed to the Ohio Supreme Court after the Ohio Court of Appeals denied his motion for leave to file a delayed appeal. Doc. No. 6-1, p. 162. Although Orozco-Islas raised a claim that the trial court erred when it failed to merge his drug offenses in his motion for delayed appeal, he raised it as a state law issue, not a federal constitutional issue. Doc. No. 6-1, p. 127. Thus, he did not "fairly present" the federal constitutional issue in Ground One to the Ohio Court of Appeals. *McMeans*, 228 F.3d at 682 (failure to raise the issue as a federal constitutional issue does not "fairly present" a claim to the state courts). His failure to raise the issue to the Ohio Court of Appeals means that he procedurally defaulted this claim because he failed to raise it at every level of state court. *See Castille v. Peoples*, 489 U.S. 346, 349-351 (1989) (raising a claim for the first time to the highest state court on discretionary

9

review is not "fair presentation" for exhausting a federal habeas claim); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Casey v. Moore*, 386 F.3d 896, 916-918 (9th Cir. 2004) (same, collecting cases); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").

Orozco-Islas does not allege cause for his failure to raise this issue in his motion for delayed appeal. Nor does he allege actual innocence. His argument that his cocaine-related offences were allied offences and should have been merged does not describe actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (Actual innocence means "factual innocence, not mere legal insufficiency."). Ground One is procedurally defaulted.

**B. Ground Two is not cognizable and/or procedurally defaulted**

In Ground Two, Orozco-Islas argues that the Ohio Court of Appeals abused its discretion when it denied his motion for delayed appeal pursuant to Ohio App. R. 5(A). Doc. No. 1, p. 7. He asserts, "Ohio grants both a constitutional and statutory right to appeal to criminal defendants" and states that he gave "truthful and honest reasons" for his delay in filing his appeal. Doc. No. 1, p. 7. Respondent argues that Ground Two is not cognizable because "Orozco-Islas has no federal constitutional right to leave to file a delayed appeal" and, to the extent he alleges that the Ohio Court of Appeals erred by not following Ohio law when it denied his motion for a delayed appeal, that allegation challenges state law, not federal law, and is not cognizable on federal habeas review. Doc. No. 6, p. 20. In his Traverse, Orozco-Islas states, "Ground Two is essentially a due process and Equal Protection violation under the Fifth and Fourteenth Amendment to the U.S. Constitution." Doc. No. 8, p. 10. He asks that the Court "liberally construe[]"

10

Ground Two to asset a federal constitutional violation.  Doc. No. 8, pp. 10-11.

To the extent Ground Two is construed by the Court as it was alleged—that the Ohio Court of Appeals violated Ohio law and the Ohio Constitution when it denied his motion for delayed appeal pursuant to Ohio App. R. 5(A)—such a claim is not cognizable because it challenges state law and violations of state law are not cognizable on federal habeas review.  *See* 28 U.S. C. 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

To the extent the Court liberally construes Ground Two as alleging a federal constitutional violation, such a claim is procedurally defaulted because Orozco-Islas never presented this claim to the Ohio courts as a federal constitutional violation.  Orozco-Islas argued that the Ohio Court of Appeals abused its discretion when it denied his motion for delayed appeal pursuant to App.R.5(A) in his appeal to the Ohio Supreme Court, but he argued that the Ohio Court of Appeals' ruling violated Ohio law, not federal law.  Doc. No. 6-1, pp. 161-162.  Thus, he did not "fairly present" the federal constitutional issue in Ground Two to the Ohio Supreme Court, and his claim is procedurally defaulted.  *McMeans*, 228 F.3d at 682.  As above, Orozco-Islas does not allege cause for his failure to raise Ground Two as a federal constitutional issue to the Ohio Supreme Court.  He does not allege actual innocence.  Thus, any federal constitutional issue raised in Ground Two is procedurally defaulted.

## C. Ground Three is procedurally defaulted

In Ground Three, Orozco-Islas argues that trial counsel was ineffective, in violation of his Sixth Amendment rights, when counsel failed to object at sentencing that his cocaine-related counts were allied offences of similar import and should have been merged for sentencing.  Doc. No. 1, p. 8.  Respondent argues that Ground Three is procedurally defaulted because Orozco-Islas should have raised it on direct appeal but did not file a direct appeal.  Doc. No. 6, p. 22.

11

Ground Three is procedurally defaulted.  Orozco-Islas did not file a direct appeal.  He raised this issue in his motion for delayed appeal pursuant to Ohio App. 5(A) but the Ohio Court of Appeals denied his motion, thereby enforcing a procedural bar.  *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011) (Ohio Court of Appeals' denial of a delayed appeal pursuant to App. Rule 5(A) constitutes procedural default).  Orozco-Islas appealed to the Ohio Supreme Court but it declined to accept jurisdiction without comment, thereby enforcing the procedural bar.  *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994) ("Because the Ohio Supreme Court summarily dismissed Rust's appeal without comment, we must presume that the Ohio Supreme Court relied on the procedural default expressly relied upon by the Ohio Court of Appeals." citing *Ylst v. Nunnemaker*, 501 U.S. 797 (1991)).

For cause to explain his procedural default, Orozco-Islas submits that trial counsel "immediately" withdrew from his case after sentencing, in August 2018.  He asserts that he could not find anyone "to assist him with his legal work" until February 2019, when he met an inmate in prison who was a legal clerk.  That inmate drafted letters for Orozco-Islas to send to trial counsel and the court reporter to obtain "discovery and transcripts," which Orozco-Islas received in March 2019.  On April 1, 2019, Orozco-Islas, "through inmate Duff," filed a post-conviction petition in the trial court, which the court denied on April 26, 2019.  In May and June, the inmate filed additional filings on behalf of Orozco-Islas, none of which changed the trial court's ruling.  Then, on August 15, 2019, Orozco-Islas met another inmate, who advised that the inmate who had been helping Orozco-Islas had not followed the Ohio Appellate Rules of Procedure.  The same day, Orozco-Islas states that he filed his motion for delayed appeal in the Ohio Court of Appeals and a motion for appointment of counsel.  In his filings, he explained that he was "not fluent" in English and relied upon inmates to assist him with legal work.  Doc. No. 8, pp. 3-7.  The Ohio Court of Appeals denied his motion for delayed appeal, finding that Orozco-Islas had not established sufficient reasons for his delay.  Doc. No. 6-1, p. 151.

Orozco-Islas' explanation does not serve as cause to excuse his procedural default.  His assertion that trial counsel withdrew from his case after sentencing (after the trial court had sentenced Orozco-Islas to the agreed upon term of nine years in the plea agreement) does not describe cause.  He does not allege that he had told trial counsel to appeal his sentence.[1]  *See*, *e.g.*, *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  Orozco-Islas' statement that he had not met anyone in prison to assist him with his legal work the first six months he was incarcerated does not explain why he did not file a timely notice of appeal himself.  Although he states that he is "not fluent" in English, he does not state that he is unable to communicate in English.[2]  Moreover, "unfamiliarity with the English language is insufficient to establish cause to excuse his procedural default because such alleged unfamiliarity is not "external to [his] defense." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).  Orozco-Islas' alleged "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *Id*.  In short, Orozco-Islas has not shown cause to excuse his procedural default.  He does not allege actual innocence.  Ground Three is procedurally defaulted.

**D. Ground Four is not cognizable and/or fails on the merits**

In Ground Four, Orozco-Islas argues that the Ohio Supreme Court violated his double jeopardy rights when it refused to correct the double jeopardy violation caused by the trial court's imposition of multiple punishments for the same offences.  Doc. No. 1, p. 10.  In essence, Ground Four alleges that the Ohio Supreme Court perpetuated a Double Jeopardy violation by not accepting Orozco-Islas' discretionary appeal of the Ohio Court of Appeals' order denying his motion for delayed appeal.  But the Ohio Supreme Court's decision on whether to accept discretionary review was made pursuant to

---

[1] The plea agreement signed by Orozco-Islas states that he was advised by counsel that he had a limited right to appeal.  Doc. No. 6-1, pp. 37-38.

[2] Orozco-Islas concedes that he was able to communicate with the inmate who first helped him, despite that inmate not speaking Spanish.  Doc. No. 8, p. 4.

S.Ct.Prac.R. 7.08(B)(4), and a challenge to state law is not cognizable. *Pulley*, 465 U.S. at 41.

Moreover, the Ohio Supreme Court's ruling, without comment, reenforced the procedural bar applied by

the Ohio Court of Appeals, and those rulings have been found to be an independent and adequate state

procedural ruling. *Stone*, 644 F.3d at 348; *Rust*, 17 F.3d at 161.  Finally, a court "must defer to a state

court's interpretation of its own rules of evidence and procedure when assessing a habeas petition."

*Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005).  Orozco-Islas has not shown that Ohio's

discretionary review procedure is unconstitutional or explained how it was applied in an unconstitutional

manner in this case.

Ground Four is not cognizable and/or fails on the merits.

### IV. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED in part and

DENIED in part.

Date:  November 30, 2021                    *s/ Jonathan Greenberg*
                                            Jonathan D. Greenberg
                                            United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**