**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Carlos Orozco-Islas, | ) | **CASE NO. 5:20 CV 510** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Warden Harold May, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |


**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Jonathan D. Greenberg (Doc. 9) which recommends dismissal in part and denial in part of

the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus pending before the Court. For

the reasons that follow, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts

provides: "The judge must determine de novo any proposed finding or recommendation to which

objection is made. The judge may accept, reject, or modify any proposed finding or

1

recommendation." If there are no objections, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) state that "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

**Discussion**

Petitioner pled guilty in Ohio state court to two counts of Possession of Cocaine, two counts of Trafficking in Cocaine, one count of Possession of Heroin, and one count of Trafficking in Heroin. The plea agreement provided for an aggregate sentence of nine years imprisonment. Petitioner was sentenced in August 2018 and did not file a direct appeal.

Seven months after sentencing, Petitioner moved for post-conviction relief. The trial court denied the motion and Petitioner did not appeal. In August 2019, Petitioner moved for leave to file a delayed appeal in the Ohio Court of Appeals. To excuse his delay, he asserted that his lack of fluency in English and his reliance on a fellow inmate's advice led him to file his post-conviction motion rather than a direct appeal. The Court of Appeals denied the motion and the Ohio Supreme Court declined to accept jurisdiction.

Petitioner then filed the pending Petition which raises four grounds for relief: the trial court committed plain error by imposing prison sentences for allied offenses of similar import, in violation of the Double Jeopardy Clause (Ground 1), the Ohio Court of Appeals abused its discretion by denying the motion for delayed appeal (Ground 2), trial counsel was ineffective for failing to object to the allied offenses in his sentence (Ground 3), and the Supreme Court of Ohio violated his Fifth Amendment rights by refusing to correct a sentence imposed in violation of the Double Jeopardy Clause (Ground 4).

The Magistrate Judge concluded that Ground 1 was procedurally defaulted and Ground 2

was non-cognizable and procedurally defaulted. Ground 3 was found to be procedurally defaulted and Ground 4 was found to be non-cognizable or procedurally defaulted. Petitioner objected only to the findings as to Grounds 1 and 3.

Petitioner argues that he did not procedurally default Ground 1 because he fairly presented it in his delayed appeal by invoking Ohio's allied offenses statute, O.R.C. §2941.25. But, the Court of Appeals enforced the procedural bar of Ohio Rule of Appellate Procedure 5(A) by denying the motion and the Magistrate Judge correctly found that the default was not excused by Petitioner's  unfamiliarity with the English language. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citations omitted); *see also Gonzalez v. Decatur, Ala.*, 2019 WL 4509845, at *3 (N.D. Ala. July 8, 2019) ("[Petitioner's] alleged inability to speak and understand English does not constitute a "cause" to satisfy the cause prong of the cause and prejudice procedural default excuse."); *Fabian v. Herbert*, 2003 WL 173910, at *4 (S.D.N.Y. Jan. 23, 2003) (language barrier does not overcome procedural bar).

Next, Petitioner argues that he did not procedurally default Ground 3 because his failure to file a direct appeal should be excused by his inability to communicate in English. Again, the Court disagrees. Petitioner first raised Ground 3 in his appeal to the Ohio Supreme Court.  This claim should have been raised on direct appeal and no cause is demonstrated for the default.

For these reasons, the Court agrees with the Magistrate Judge that Grounds 1 and 3 are procedurally defaulted.

Even if Petitioner did not procedurally default Grounds 1 and 3, they fail on the merits. In Ground 1, Petitioner argues that the Ohio trial court violated the Double Jeopardy Clause by sentencing him for both possession and trafficking of the same cocaine on the same day. The

3

Court agrees with Respondent that deference is owed to the state court's understanding of Petitioner's conduct and the applicable allied offenses law. Furthermore, Petitioner pled guilty and agreed to the aggregate sentence of nine years. In Ground 3, Petitioner argues that his trial counsel was ineffective for failing to raise an allied offenses objection at his sentencing hearing. But, as Respondent points out, Petitioner faced a possible sentence of over 60 years and counsel negotiated a plea with a sentence of nine years. Thus, Petitioner fails to show ineffectiveness or prejudice.

For the foregoing reasons, Grounds 1 and 3 are procedurally defaulted or fail on the merits. Having found no clear error as to the Magistrate Judge's findings on Grounds 2 and 4, the Report and Recommendation, which is incorporated herein by reference, is accepted on those grounds as well.

### Conclusion

For these reasons, the Court accepts the Report and Recommendation and denies the Petition for Writ of Habeas Corpus. Furthermore, the Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


 /s/ Patricia A.Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 3/14/22

4